UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jerald Alan Hammann,                                              Civil No. 03-3342 (DWF/SRN)

          Plaintiff,

v.                                                                **ORDER AND MEMORANDUM**

800 Ideas.com, Inc., a Nevada corporation;
1-800 San Diego, Inc., a California
corporation; Mr. Steven Parker; Richard Jones,
a California Resident; and Mr. David Sprouse,
a California Resident,

          Defendants

---

Jerald A. Hammann, *Pro Se*, Plaintiff.

Christopher K. Sandberg, Esq., and Darla Jo Boggs, Esq., Lockridge Grindal Nauen PLLP, counsel for Defendants.

---

      This matter is before the Court upon Defendants' objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated June 17, 2005, recommending that Defendants' motion for summary judgment be denied and that Plaintiff's motion for sanctions be granted.

      The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  With respect to the discovery issues before the Court, which are deemed nondispositive in nature, the Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2).  This is an "extremely deferential standard."  *Reko*

*v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendants' objections (Doc. No. 98) to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated June 17, 2005, are **DENIED**.

2. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated June 17, 2005 (Doc. No. 96), is **ADOPTED**.

3. Defendants' motion for summary judgment (Doc. No. 72) is **DENIED**.

4. Plaintiff's motion for sanctions (Doc. No. 81) is **GRANTED, IN PART,** consistent with the Report and Recommendation of Magistrate Judge Susan Richard Nelson.

5. The Court respectfully directs that within one week of this Order the parties submit a letter to the Court's calendar clerk, Lowell Lindquist, in which the parties shall set forth a proposed trial ready date and estimated trial length.

Dated:  August 15, 2005        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

**MEMORANDUM**

The scheduling order in this case established long ago a trial date of April 2005, which, of course, has come and gone. Unless the Court has misread the docket entries in this case or missed any amendments to the scheduling order in effect, the parties should now be ready to proceed to trial once the subject of the orders involved in this motion have been complied with.

Briefly stated, the Court would characterize the substance of the objections by Defendants as evidentiary in nature, likely to be addressed at a pretrial hearing. Moreover, it is the Court's view that no "central fact issue" has been decided by Magistrate Judge Nelson.

As to the procedural matter addressed by the Defendants in their objections with respect to the status of Plaintiff's expert witness and disclosure of any expert witness testimony and report, the Court does not see where Magistrate Judge Nelson has left any door open on the damages issue. If so, the Court will deal with that issue at a pretrial hearing.

Finally, Magistrate Judge Nelson's approach to any outstanding discovery issues is not clearly erroneous nor contrary to law. As observed by Magistrate Judge Nelson, at page 16 of the Report and Recommendation, "to the extent that Defendants continue to require clarification of the wording of these requests, or claim to have no documents relevant, the parties are obliged to meet and confer with each other immediately to determine the categories of documents that sufficiently respond to the outstanding discovery requests."

It is worth noting that if this Court concluded, after all discovery requests have been complied with, that an unnecessary and excessive burden was placed on the Defendants in providing this discovery, the Court clearly has the authority to order the Plaintiff to reimburse the Defendants, in whole or in part, for the costs associated with compliance with Plaintiff's

discovery requests, based upon the totality of the circumstances before the Court. Whether that will be an issue at the end of the day in this case remains to be seen.

Once the Court receives the information set forth in the above Order with respect to a proposed trial ready date and the length of trial, the Court will set a trial date and a pretrial hearing date so that the case may be brought to a close as soon as possible in the interests of both parties.

D.W.F.